**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MONIKA GRAY-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00028 AGF |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a complaint filed by self-represented Plaintiff Monika Gray-El. ECF No. 1.  The complaint is submitted on sixteen pages of notebook paper with a two-page attachment.  This filing, however, is defective as a complaint commencing a civil case because it was not drafted on a Court-provided form. *See* Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Additionally, Plaintiff has not paid the $405 Court filing fee or submitted a motion to proceed without prepayment of fees or costs.  *See* 28 U.S.C. § 1915(a)(1).  In consideration of Plaintiff's self-represented status, the Court will direct Plaintiff to submit an amended complaint on a Court-provided form, and to either pay the $405.00 filing fee or file a motion to proceed *in forma pauperis* supported with a certified inmate account statement.

As to Plaintiff's submission of an amended complaint, the Court warns that the filing of an amended complaint replaces the original complaint, and so it must include all claims Plaintiff wishes to bring.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Plaintiff must type or neatly

print in legible handwriting the amended complaint on this Court's prisoner civil rights complaint form, which will be provided to her.

In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent she knows it, of each defendant she wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must *avoid* naming anyone as a defendant unless that person is directly related to her claim. Plaintiff must also specify whether she intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support her claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state her claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). For example, Plaintiff should write the name of the first defendant and in numbered paragraphs under that name state how that specific defendant violated her constitutional rights. Plaintiff should repeat this format for every named defendant. Plaintiff should *not* include any introductory paragraphs.

If Plaintiff names a single defendant, she may set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, she should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.

It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming her.  *See Madewell*, 909 F.2d at 1208.  Plaintiff must explain the role of the defendant, so the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").  The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).  Plaintiff must not amend a complaint by filing separate documents.  Instead, she must file a single, comprehensive pleading that sets forth her claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail Plaintiff a copy of the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order.  Plaintiff is advised that her amended complaint will take the place of her original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the $405 filing fee or submit an application to proceed without prepaying fees or costs within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, if Plaintiff is currently incarcerated and chooses to submit an 'Application to Proceed in District Court without Prepaying Fees or Costs,' she must submit a certified copy of her prison account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, within **thirty (30) days** of the date of this Order. *See* 28 U.S.C. § 1915(a)(2); 28 U.S.C. § 1915(h).

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 24th day of February, 2025.

*Audrey G. Fleissig*
_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE