UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MONIKA GRAY-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-CV-28-AGF |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's application to proceed in district court without prepaying fees or costs, ECF No. 3, 4, and 7. After considering the motions and the pleadings, the application to proceed in district court without prepaying fees or costs is granted. Additionally, for the reasons discussed below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

**Background**

Plaintiff filed her original civil rights complaint on February 6, 2025. ECF No. 1. This complaint included 16 pages written on notebook paper and two pages of a police report. *Id*. Plaintiff named the State of Missouri and Deputy Dalton Tollison Hull of the Cape Girardeau County Sheriff's Department as defendants. *Id*. Although Plaintiff listed Defendant Hull in the caption of the case, her statement of claims only asserts allegations against the State of Missouri. *Id* at 10.

Plaintiff alleged that her property was unlawfully seized and she was unlawfully detained for tampering with a motor vehicle and resisting arrest. *Id*. at 10. Although Plaintiff did not detail her arrest in her complaint, the attached police report explains that Defendant

Hull spotted a vehicle that had been reported as stolen earlier in the day. *Id*. at 8-9. Although the vehicle had not yet been entered in MULES as stolen, he confirmed with officers of the Cape Girardeau City Police Department that the vehicle was stolen. *Id.* He initiated a traffic stop and identified the driver as Plaintiff, who had several outstanding criminal arrest warrants. *Id*. Defendant Hull listed the warrant information in his police report. *Id*. at 9. Defendant Hull instructed Plaintiff to exit the vehicle multiple times, but Plaintiff refused. *Id*. Other officers assisted Defendant Hull in removing Plaintiff from the vehicle, while Plaintiff held onto the driver seat belt in an attempt to remain in the vehicle. *Id*.

Plaintiff provides a List of Property Loss of over 20 items and their valuations including: insurance ($1500), baby clothes and essentials ($1000), Adidas bag with clothes and shoes ($1000), and $1200 in cash. *Id*. at 15. Plaintiff does not explain how, where, or why this property was lost or if this was all seized by police. For relief, Plaintiff asked for $325,000 in punitive and actual damages.

On February 24, 2025, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined that it was defective because it was not drafted on a Court-provided form. ECF No. 2. In that order, the Court provided Plaintiff with clear instructions about how to prepare the amended complaint which included the following:

> It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming her. Plaintiff must explain the role of the defendant, so the defendant will have notice of what he or she is accused of doing or failing to do. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."

ECF No. 2 at 3 (citations omitted).

Plaintiff was also instructed that "the filing of an amended complaint replaces the original complaint, and so it must include all claims Plaintiff wishes to bring." *Id.* at 1.

Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be

considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

On March 19, 2025, Plaintiff filed an amended complaint against the same two defendants: the State of Missouri and Deputy Hull. ECF No. 6. She brings her claims against the State of Missouri in its official capacity only and sues Defendant Hull in his individual and official capacities. *Id*. at 2-3.

Plaintiff's allegations are substantially similar to her original complaint, yet her amended complaint provides even fewer facts. Her complaint still arises out of her arrest on October 19, 2024, in Cape Girardeau, Missouri. *Id*. at 3. Plaintiff states she was illegally detained, and her property was illegally seized. *Id*. In her amended complaint, she does not identify which property was seized. Plaintiff does not explain what occurred leading up to the arrest, the circumstances under which she was arrested, or any facts detailing what property was seized or how the property was seized.

At no point in the amended complaint does Plaintiff detail a physical altercation or anything that would result in injury to her person. However, she lists injuries such as bruises and complains about a lack of medical treatment from police and the jail personnel. *Id*. For relief, she still seeks $325,000 in actual and punitive damages.

**Discussion**

Having carefully reviewed and liberally construed Plaintiff's allegations, and for the reasons discussed below, the Court must dismiss Plaintiff's claims.

*(1) Defendant State of Missouri*

Plaintiff's claim against the State of Missouri must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Therefore, Plaintiff's claims against the State of Missouri will be dismissed.

*(2) Defendant Deputy Dalton Tollison Hull*

To establish individual liability under § 1983, a plaintiff must show "a causal link to, and direct responsibility for" the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). That means she must allege facts demonstrating each defendant's personal responsibility for the alleged harm. *Id*. The complaint requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff was instructed in the Order dated February 24, 2025 that she must "explain the role of the defendant, so the defendant will have notice of what he or she is accused of doing or failing to do." ECF No. 2 at 3. Plaintiff was given specific instructions to write the defendant's name, and a short and plain statement of the facts that support her claim or claims against that defendant. *Id.* Despite being warned that failure to comply with the Order would result in the Court dismissing this action, Plaintiff failed to follow the instructions in the Order.

Plaintiff says nothing about Defendant Hull other than a conclusory statement that he "illegally detained and seized Plaintiff and property…." ECF No. 6 at 3. She provides no facts supporting this allegation. She does not state what actions Defendant Hull took or failed to take that led to her harm. In fact, her "Statement of Claim" is primarily focused on the State of Missouri. She claims a conspiracy between the State of Missouri and other agencies such as the Sheriff's Department and the courts.

Plaintiff alleges she was unlawfully detained but provides no factual support.  For example, she has not provided any support for her contention that the officer did not have probable cause to detain her.  Plaintiff offers no facts at all about the circumstances of her arrest. She states that the vehicle was not listed as stolen in MULES, as though this is a harm to her.  If it is a harm to her, she does not explain how.

Due to the threadbare allegations contained in the complaint, the Court finds Plaintiff has failed to state a claim for relief under § 1983.  Plaintiff's claim will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to proceed *in forma pauperis* [ECF No. 3, 4, 7] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for declaratory judgment [ECF No. 5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion to expedite consideration of action [ECF No. 8] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

Dated this 5th day of June, 2025.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE